IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH SMITH,<br><br>    Plaintiff<br><br>vs.<br><br>SUPERINTENDENT MICHAEL CLARK, DEPUTY PAUL ENNIS, DEPUTY BRIAN FLENCHBAUDH, MAJOR CHRISTOPHER M. MEURE, MAJOR B. PALKO, MAJOR PATRICA THOMPSON, SECURITY CAPT. HOWARD J. SISSEM and SECUIRTY LT. SKINNER,<br><br>    Defendants | Case No. 1:21-cv-0067 (Erie)<br><br>HON. RICHARD A. LANZILLO<br>UNITED STATES MAGISTRATE JUDGE<br><br>MEMORANDUM OPINION ON DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE<br><br>ECF NO. 19 |

Plaintiff Kenneth Smith ("Smith"), acting pro se, commenced this action on February 4, 2021. *See* ECF No. 6. Smith's Complaint alleged violations of his civil rights by officials at the State Correctional Institution at Albion ("SCI-Albion"). *See id.* Approximately a month after filing his Complaint, Smith was paroled. *See* ECF No. 18. Presently pending before the Court is Defendants' Motion to Dismiss for Failure to Prosecute. *See* ECF No. 19). For the reasons stated herein, the motion will be granted.

1.     Procedural History

On May 3, 2021, the Defendants filed their first Motion to Dismiss and supporting brief. *See* ECF Nos. 14, 15. The Court ordered Smith to respond to the motion on or before June 2, 2021. *See* ECF 16. Smith failed to do so. On September 21, 2021, this Court issued an Order administratively closing the case, noting that Smith had been paroled as of March 8, 2021 and had not updated his mailing address as of that date, as is his responsibility. *See* ECF No. 18. The Court explained:

> Given the heavy volume of pro se prisoner litigation pending on the Court's docket and because the Court cannot properly control its docket, move this action forward, and properly protect the rights of all parties without a valid address for the Plaintiff, this matter will be administratively closed as of today's date. *See, e.g., Gibson v. Harry*, 2021 WL 3037680, at *1 (W.D. Pa. July 19, 2021).

*Id.* This Order further indicated that the Court would entertain a motion from the Defendants to dismiss this matter pursuant to Federal Rule of Civil Procedure 41(b) should Smith not communicate with the Court within thirty-days. *Id.*, p. 2. The thirty-days have now elapsed with no response from Smith and the Defendants have filed the instant motion. Indeed, approximately seven months have now passed since Smith was released from the custody of the Department of Corrections and almost eight months have passed since Smith's last docket activity. Despite the Court's previous order, Smith has not updated his address nor has he filed anything further in this matter.

2.  Standard of Decision

Federal Rule of Civil Procedure 41(b) states, in relevant part, that "if the plaintiff fails to prosecute . . . a defendant may move to dismiss the action." Fed. R. Civ. P. 41(b). A district court may also dismiss a case pursuant that Rule for a plaintiff's failure to comply with an order of court. *Guyer v. Beard*, 907 F.2d 1424, 1429 (3d Cir. 1990). "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." *Id.*

In *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set forth six factors to be weighed when considering whether dismissal of a case as a sanction for failure to obey pre-trial orders and participate in discovery was proper: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the

conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Id.* at 868.  These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted.  *Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988).

There is no "magic formula" for balancing the *Poulis* factors and not all of the six factors need to be satisfied in order to warrant dismissal.  *See Karpiel v. Ogg, Cordes, Murphy & Ignelzi, L.L.P.*, 405 Fed. Appx. 592, 595 (3d Cir. 2010) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) and *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003)).

3.   Discussion

Because five of the six *Poulis* factors weigh heavily in favor of dismissal, this case will be dismissed with prejudice.  Consideration of the factors listed above is as follows.

(1) The extent of the party's personal responsibility.

Smith is representing himself in this matter.  Therefore, he is the party responsible for failing to respond to the Defendants' motion to dismiss, despite being directed to do so.  *See, e.g., Williams-Bearden v. Clouser*, 2021 WL 4743705, *2 (M.D. Pa. Oct. 12, 2021).  Smith has also failed to provide an appropriate updated mailing address where he can be reached, as required by the Court's Standing Practice Order for Pro Se Civil Rights Cases.  *See* ECF No. 4.  There is no indication that he failed to receive the Defendants' motion, the Court's Response Order, or any of the Court's other orders, including the order directing him to file a change of address.  Thus, Smith alone bears full responsibility for any failure in the prosecution of his claims.  *See, e.g., Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) (a pro se plaintiff is personally responsible for the progress of his case and compliance with a court's orders); *Ferguson v. Klock*, 2021 WL 1293431, at *2 (E.D. Pa. Apr. 7, 2021).

(2) Prejudice to the adversary.

The second *Poulis* factor, the prejudice to Defendants caused by Smith's failure to respond to Defendants' motion to dismiss, also weighs in favor of dismissal. A finding of prejudice does not require "irremediable harm." *Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994). Instead, "the burden imposed by impeding a party's ability to [effectively prepare] a full and complete trial strategy is sufficiently prejudicial." *Wade,* 322 F.3d at 222. Smith's failure to litigate this case by responding to Defendants' motion dismiss together with his failure to comply with this Court's order requiring him to do so, frustrates and delays the resolution of this matter. This failure prejudices the Defendants, who seek a timely resolution of this case. *See e.g., Parks v. Argueta*, 2016 WL 7856413 at *4 (M.D. Pa. Dec. 5, 2016) (dismissing case where a pro se litigant failed to respond to a pending motion for summary judgment).

(3) A history of dilatoriness.

The level of inattention Smith has displayed is sufficient evidence, in the Court's view, to indicate that Smith does not intend to proceed with this case in a timely fashion. He has missed several court-mandated deadlines, failed to update his address and contact information with the Court, and indeed, is in violation of multiple Court Orders. This weights in favor of dismissal.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Smith's failures were the result of any "excusable neglect," *Poulis, supra*, and it appears that his failure is willful. Moreover, he failed to notify the Court of any change of address, which is his obligation, if indeed he is no longer incarcerated and has moved. Thus, the Court concludes that his actions were an intentional disregard of his own case and our Orders. This factor also weighs in favor of dismissal.

(5) Alternative sanctions.

Imposition of costs or fees upon Smith would likely be ineffective as a sanction since he is representing himself and thus has no attorney upon whom the Court could impose sanctions or expenses for failing to comply with the Court's prior orders. *See Emerson v. Thiel College*, 296 F.3d 184, 191 (3d Cir. 2002). Smith's utter lack of participation in this litigation has potentially resulted in lost witness memories or other relevant information since the filing of his Complaint. Dismissal is the most effective sanction under the particular facts and circumstances of this case.

(6) Meritoriousness of Smith's case.

This factor is of neutral application, as it is impossible to determine whether Smith's claims against the Defendants are meritorious. But it is at least possible that at least some of Smith's claims are meritorious.

4.   Conclusion

For the reasons stated above, Defendants' Motion to Dismiss under Fed. R. Civ. P. 41(b) will be granted and this case will be dismissed with prejudice due to Smith's repeated failure to comply with the Orders of this Court, and his failure to prosecute.

Submitted this 22nd day of October 22, 2021.

_____
HON. RICHARD A. LANZILLO
United States Magistrate Judge